consideration comply with this rule? A promissory note of itself imports a consideration, so that in an action thereon it is not incumbent upon the plaintiff to plead either the existence or nature of the consideration, and, consequent upon the proof, the paper itself stands as evidence, *prima facie,* of a consideration, and it lies upon the defense to destroy this presumption arising from the paper. As was said by Lord Abinger, in Stoughton v. Kilmory, 2 Cr. M. & R., 72, a case decided under the reformed rules of pleading, known as the Hilary rules, 4 Wm., 4, and in which the plea was "no consideration" generally, "a variety of circumstances might defeat the consideration; they ought, therefore, to be stated in order that the plaintiff may know what he is to meet." The same doctrine was held in Easton v. Pratchett, 1 Cr. M. & R., in which case, at page 807, the Lord Justice says that the object of the Hilary rules was "to give the plaintiff due notice of the real defense which is to be set up," and that this "would manifestly fail, if such a general plea as the one in question" (no consideration) "could be sustained; because the plaintiff would be left in the same state of uncertainty in which he formerly was before these rules of pleading were introduced."

How much more applicable is the reason of this argument to the code whose main object was to attain certainty and preciseness of issue? While we have no decisions of any of our higher courts which reach squarely to the point, yet we have expressions of opinion which in a great measure indicate the trend of the judicial mind.

Thus, in McClain v. Christman, 2 W. L. M., 417, decided in 1860 by the Madison county district court, it was held specifically, on a demurrer to a defense of "no consideration," that the demurrer was not well taken; that said answer was liable to the objection of uncertainty and indefiniteness;" and that had a motion been made under the code to make more definite and certain, *it would have been the duty of the court to have sustained it.*

Then came the case of Chamberlain v. R. R. Co., 15 O. S., 225, decided in 1865, in which the court, by way of dictum, at page 250, says: "But in this case the defendant has set up as his second defense, in general terms that the note was wholly without consideration and void. *This the plaintiff might have required to be made more definite and certain* by a statement of the facts upon which the defense was based; but he waived this right and joined issue."

, The dictum in the 15 O. S. case was assumed to be good law as late as 1878 by Judge Hamilton, of the Cuyahoga county common pleas, in the case of Derby v. Corlett, 1 Cleve. Rep., 210, although that case did not call for an application of the rule. And so, also, the circuit court of Licking county, in Clark v. Clark, decided in 1898 and reported in 16 C. C. R., 103, quote approvingly the language of the 15 O. S. case, although that did not call for an application directly of the rule. This dictum is also quoted approvingly in Corrigan v. Rockefeller, reported in 1898 in 5 N. P., 337, and decided by Judge Neff, of Cleveland, although this case itself was not on a note.

These various decisions are rather convincing evidence of what the courts of Ohio think upon this question, and as their conclusions are in harmony with the objects of the code, and in promotion of the ends to be accomplished, I am constrained to adopt these views, whatever my opinion might have been had the question been *res integra.*

The motion of plaintiff will be granted.

Judge Sayler and W. C. Pierce, for plaintiffs.

C. B. Wilby and C. E. Tenney for defendants.

---

(Superior Court of Cincinnati.)
Special Term.
GLESENKAMP et al. v. RADEL.

Specific performance of contracts relating to personalty will not ordinarily be decreed. Exceptions to this rule have been made when the value of the chattel withheld was peculiar to itself, or where damages in money cannot be ascertained, or where the detention could not be adequately redressed by damages.

---

DEMPSEY, J.

The demurrer to the petition, I think, ought to be sustained.

Specific performance of contract relating to personalty will not ordinarily be decreed.

Exceptions to this rule have been made when the value of the chattel withheld was peculiar to itself, or where damages in money can not be ascertained, or where the detention could not be adequately redressed by damages.

There is nothing in the facts alleged in the petition, however, to take this case out of the general rule. It is true they argue they can not replevin because they have sold the old hearse and cannot restore it. But that is not a finality to their rights. Radel agreed to sign notes and give a chattel mortgage. This

is a breach of his contract, for which a suit for damages may be had at once, and the measure of recovery would be the price of the hearse sold and delivered to him.   See Stephenson v. Repp, 47 O. S., 551.

There is no allegation that Radel is insolvent or worthless on execution.   From all that appears plaintiffs have a full, complete and adequate remedy at law.

Demurrer sustained.

B. B. Tuttle, for demurrer.

Jones & James, contra.

---

(Hamilton County Common Pleas, 1901.)

BERNHARD JURLING v. MARY GARNER, Administratrix of the Estate of Lizzie Jurling, deceased, et al.

---

When a sister lives with her brother for a number of years prior to her death as a member of his family, and after her death he brings suit against her administratrix for pay for her board, the burden of proof is on him to show either an express contract between them or such circumstances as will authorize the jury to find that he expected to charge for her board and she expected to pay for it.

---

LITTLEFORD, J.

This action was brought by the plaintiff to recover $1932.00 from the administratrix of his deceased sister, Lizzie Jurling, for board and care rendered by him to his deceased sister for several years preceding her death.

At the close of the plaintiff's case, the defendant moved to instruct the jury to return a verdict for the defendant, because the plaintiff had failed to establish any contract, either express or implied, between the plaintiff and his deceased sister.

The evidence of the plaintiff showed that Lizzie Jurling, the deceased, who was old and unmarried, came to live with her brother, the plaintiff in this case, about ten years before her death.   She was then in good health and she helped with the house-work; but in the course of two or three years, she became ill with consumption and kept growing worse until, during the last few years of her life, she was unable to do any but the very smallest services about the house.   She required medical attention from various doctors, but she paid for the physicians' services promptly out of her own means.   The family gave her the best room in the house and prepared special dishes for her, besides giving her egg-nog, brandy and wine. The house in which she lived was a saloon and boarding-house belonging to her brother, the plaintiff, but at no time during her stay there did her brother ask her for board nor did she

at any time offer to pay board.   She was a good tempered old woman and was always treated like a member of the family.   After introducing evidence to establish this state of facts, the plaintiff rested.

The point made by counsel for defendant on the motion to instruct the jury to bring in a verdict for the defendant is, that although the facts shown by the plaintiff might be sufficient to establish a case of implied contract had the plaintiff and deceased been strangers to each other, still in a case like this, where they were brother and sister, the plaintiff must go further and assume the burden of establishing that there was either an express or implied contract by which the deceased was bound to pay for the services rendered to her in giving her board and care.

If the fact that the plaintiff and deceased were brother and sister is of no moment in the premises, and in the eyes of the law they were the same as strangers, as counsel for plaintiff maintain,   then what the plaintiff must show to make out a *prima facie* case has already been decided in Ohio in the case of Harrison v. Gotleib, 3 C. C., 191.   That case, decided by Smith, C. J., of Hamilton County Circuit Court holds as follows:

"Where services have been rendered by one person to another with his knowledge, but without any express contract between them, this of itself is not sufficient to entitle the person so rendering the service to recover therefor as on an implied contract.   'Implied contracts are those which reason and justice dictate, and which therefore the law presumes that every man undertakes to perform.' It should therefore further appear from the circumstances of the case, that the services rendered were such as people as a rule expect to be paid for; and then, if there are no special circumstances to show that they were rendered gratuitously, or that the person availing himself of them, honestly believed, and had reason to believe, that they were so rendered, the promise to pay the value thereof may reasonably be inferred."

According to this decision, the burden would be upon the defendant to establish that there was no implied contract in a case like the one in hand if the parties were strangers to each other; and the question is whether the relationship of brother and sister between the plaintiff and the deceased changes the rule as to the burden of proof.

There have been several cases in Ohio which hold that a child or step-child residing with a parent or step-parent as a member of the family cannot recover for services rendered to the parent in the absence of an express promise to pay therefor or of facts and circumstances which amount to an implied promise.   See Hawthorn v. McClure, 4 C. C., 11; Pollack v.

[COPYRIGHT, 1901, BY CARL G. JAHN.]